IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANTWAIN TAPAIGE SALES, ) <br> #225092, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LAUREN DILLON, et al., ) <br> ) <br>     Defendants. ) | NO. 3:23-cv-00039 <br><br> JUDGE CAMPBELL |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Plaintiff Antwain Sales filed this civil action in Trousdale County Circuit Court in November 2022, and service of process was accomplished in mid-December. The Complaint names 20 individual Defendants, two of whom are Tennessee Department of Correction (TDOC) officials, three of whom are officials at Turney Center Industrial Complex (TCIX), and the rest of whom are officials at Trousdale Turner Correctional Center (TTCC). (*See* Doc. No. 1-2 at 4.)

On January 17, 2023, Defendants filed a Notice of Removal in this Court (Doc. No. 1) and in Trousdale County Circuit Court (Doc. No. 1-3), asserting that removal is proper inasmuch as this Court "has original subject matter jurisdiction . . . because the Complaint presents a federal question[:] . . . [s]pecifically, Sales contends, among other things, that Defendants violated the United States Constitution pursuant to 42 U.S.C. § 1983 and specifically complains about the conditions of his confinement." (Doc. No. 1 at 2.)

On February 17, 2023, Plaintiff filed a Motion for Default Judgment or in the Alternative to Remand. (Doc. No. 8.) Reciting the history of filings to that point, Plaintiff argues that the removal was improper because, among other reasons, notice was not filed until after he had filed

a motion for summary judgment (Doc. No. 1-2 at 57–62) in state court on January 5. Due to this alleged untimeliness and Defendants' failure at that point to respond to the Complaint or summary judgment motion, Plaintiff first argues that this Court should award him judgment by default, "for failure to defend within the allotted time[.]" (Doc. No. 8 at 4.) Alternatively, Plaintiff asks the Court to remand the case to the Trousdale County Circuit Court, noting that "after fully understanding the diversity in citizenship," Defendants were "acting under color of state law and under state legislative authority as well as [TDOC] control (by way of oath or contract)." (*Id.*) In response to this request for remand, Defendants argue that "[the] Complaint unequivocally includes allegations that Defendants violated the Constitution." (Doc. No. 14 at 5.)

At the threshold of determining whether removal was proper, Plaintiff's argument for default judgment is premature. And he is misguided in his apparent belief that diversity of citizenship exists in this case.[1] But the Court understands his Alternative Motion to Remand to argue that this is a state-law matter that should be returned to state court—in opposition to Defendants' assertion of a right to removal because the Complaint presents a federal question by seeking relief under Section 1983 for violation of constitutional rights. And regardless of Plaintiff's argument in favor of remand, "[t]he existence of subject matter jurisdiction may be raised at any time, by any party, or even *sua sponte* by the court itself." *Days Inn Worldwide, Inc. v. Patel*, 445 F.3d 899, 904 (6th Cir. 2006) (quoting *In re Lewis*, 398 F.3d 735, 739 (6th Cir. 2005)).

As recognized in the Notice of Removal, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants" to district court. 28 U.S.C. § 1441(a). An action such as this one (between non-diverse parties) comes within the original jurisdiction of the district court if it "aris[es] under the

---

[1] Plaintiff may have taken note of the mistaken reference to 28 U.S.C. § 1441(b) (titled "Removal based on diversity of citizenship") in Defendants' Notice of Removal. (Doc. No. 1 at 2 ¶ 4.)

2

Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331—that is, if it presents a federal question. That determination, in turn, "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

## II. THE COMPLAINT

Styled simply "Complaint" and captioned for filing in the Trousdale County Circuit Court (Doc. No. 1-2 at 4), the Complaint devotes its first four paragraphs to identifying the parties. (*Id.* at 5.) In paragraph 5, the Complaint identifies the root of Plaintiff's alleged mistreatment while he was confined at TCIX: his December 2020 filing of "a Title VI nepotism complaint" against the TCIX warden. (*Id.* at 5.) Paragraph 6 of the Complaint spans eight pages and provides the details of Plaintiff's alleged mistreatment, first at TCIX and then at TTCC.

Plaintiff filed the Title VI complaint in 2020 because he "was continuously being skipped over or denied skill level III employment" for which he was otherwise qualified, including employment as a legal aide in the prison law library. (*Id.* at 5–6.) The TCIX warden responded by claiming that Plaintiff was denied the legal aide position due to security concerns rather than nepotism, and that response was "rubber stamped" by other Defendants. (*Id.* at 6.) Notwithstanding this response and the reported security concerns, Plaintiff was soon hired to be a law library legal aide, in January 2021. (*Id.*)

Shortly after his hiring, Plaintiff was charged with possession of contraband and other disciplinary violations. (*Id.* at 6–7.) Although these charges were either dismissed or reduced to a verbal warning, Plaintiff was called to a reclassification hearing on June 10, 2021, where he "was illegally taken from minimum custody level to a medium custody level, contrary to TDOC policy

and procedure." (*Id.* at 7.) He claims that the reclassification document contained false or fraudulent information (*id.* at 7–8), and that the Defendants who presided over the reclassification knew it "but still elected to sign off and allow Plaintiff to be subjected to a higher custody level solely just to punish and cause hardship under their care and control due to plaintiff had filed grievance complaints, which is a violation of State and Federal Law." (*Id.* at 8.)

In June 2021, Plaintiff was transferred to TTCC as a medium-custody inmate. (*Id.*) The conditions of his confinement at that custody level were unsafe and "very poor." (*See id.* at 9–10.) After he received a false disciplinary charge for assaulting another offender with a weapon, Plaintiff "was kept in [a] segregation cell for 24 days straight without any blood-pressure medication" or any way to make an emergency call for medical help. (*Id.* at 10–11.) He claims that unnamed medical staff members "actually tried to kill [him]" by ignoring his need for blood pressure medicine, which "makes [them] liable for deliberate indifference." (*Id.* at 12.) He also continued to be denied "skill level III positions to further ill treat him for no just cause" while individuals known to be security threats were given such positions in violation of TDOC policy and procedure. (*Id.* at 12.) As a result of this mistreatment "by the very individuals who took an oath to guard and protect against such acts and/or crimes against prisoners of this State and Country," Plaintiff suffered "mental anguish and emotional distress." (*Id.* at 11.)

In early March 2022, Plaintiff's custody level was again reclassified, from medium to "close," and he was denied the ability to appeal the reclassification. (*Id.* at 12.) On March 14, 2022, he was transferred to West Tennessee State Penitentiary where he remains in custody. (*Id.*)

Based on these allegations, paragraphs 7 through 13 of the Complaint assert the claims that Defendants were "negligent," "negligent and malicious," "failed to exercise ordinary care and uphold their oath," and engaged in acts of "negligence or wrongful conduct" causing Plaintiff

4

emotional distress and mental anguish. (*Id.* at 12–13.) These claims are set out verbatim below:

> 7. The defendants were negligent and malicious and that they failed to exercise ordinary care and uphold their oath to avoid injury and unjust treatment to persons lawfully citizens of this state and country.
>
> 8. Further, the defendants were negligent in failing to take reasonable precautions to protect Plaintiff from mental harm.
>
> 9. Defendants were still further negligent by failing to erect and maintain the integrity of an correctional officer by falsifying official state documents and continue to hide that fact for no other reason, but to punish and cause hardship for filing grievance complaints.
>
> 10. Moreover, the defendants are still allowed to maintain and operate their positions within said State and Private run prisons and TDOC despite this, and other complaint of misconduct and ill treatment.
>
> 11. The cause of the Plaintiff and other prisoners being treated in the same or similar fashion by said State and private employees is and was due to some act of negligence or wrongful conduct on the part of the defendants, and the fact these prisons has a long history of prior bad acts and/or misconduct while employed by said State and Private entities, and is peculiarly and exclusively within the knowledge of said agency, makes them liable in their individual and official capacity.
>
> 12. This negligence or wrongful conduct on the part of the defendants was the direct proximate cause of the mental injuries sustained by the plaintiff in their care and custody as described in this complaint.
>
> 13. As a result of the following injuries: (1) Emotional Distress and (2) Mental Anguish.

(*Id.*)

The fourteenth and final paragraph of the Complaint seeks relief in the form of compensatory and punitive damages. (*Id.* at 14.)

### III. ANALYSIS

Title "28 U.S.C. § 1441 grants removal jurisdiction to district courts but, '[i]n order to invoke the district court's removal jurisdiction, a defendant must show that the district court has original jurisdiction over the action.'" *Watson v. Cartee*, 817 F.3d 299, 303 (6th Cir. 2016)

5

(quoting *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000)). As mentioned above, removal in this case is proper under Section 1441(a) if Defendants can establish that "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. at 392. "Generally, statutory procedures for removal are to be strictly construed, such that all doubts as to the propriety of removal are resolved in favor of remand." *Nessel ex rel. Michigan v. AmeriGas Partners, L.P.*, 954 F.3d 831, 834 (6th Cir. 2020) (internal citations and quotation marks omitted).

Despite Defendants' assertion that Plaintiff "specifically" and "unequivocally" "contends, among other things, that Defendants violated the United States Constitution pursuant to 42 U.S.C. § 1983" (Doc. No. 1 at 2; Doc. No. 14 at 5), the Court finds no mention of Section 1983, nor of the Constitution or any amendment thereto, anywhere in either the Complaint or Plaintiff's early summary judgment motion. "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003). In discerning whether a federal claim is affirmatively alleged, the omission of any reference to Section 1983 is telling. *See Mays v. Buckeye Rural Elec. Co-op., Inc.*, 277 F.3d 873, 881 (6th Cir. 2002) (finding that "failure to raise § 1983 explicitly in [the] complaint might not necessarily preclude a federal constitutional claim in all circumstances," but provided a clear indicator that plaintiff in that case "did not intend to assert [such] a claim"). To be sure, the Complaint alleges facts and employs terminology (punishment for grievance-filing in "violation of State and Federal Law"; "deliberate indifference" to Plaintiff's need for blood pressure medication) from which the Court—if liberally construing it in Plaintiff's favor to determine whether it states a plausible claim to relief—could, in certain circumstances, infer that Plaintiff may be attempting to assert claims of First and Eighth Amendment violations. Here, however,

6

such a construal would be *against* Plaintiff's interest in choosing his lawsuit's forum and is therefore not warranted. Indeed, a liberal construction in this case "means respecting Plaintiff's . . . desire to litigate his grievances as state-law claims in state court." *Cabbagestalk v. McFadden*, No. CV 5:16-3745-RMG, 2017 WL 1134719, at *1 (D.S.C. Mar. 24, 2017). And as stated above, if the language of the Complaint creates doubt about whether a federal question is presented, it must be construed in favor of remand. *See Nessel*, 954 F.3d at 834; *see also Avalos v. McKinley Cnty. Det. Ctr.*, No. CV 13-1200 KG/CG, 2014 WL 12796833, at *2 (D.N.M. Feb. 10, 2014), *report and recommendation adopted*, No. CV 13-1200 KG/CG, 2014 WL 12796877 (D.N.M. Mar. 13, 2014) (declining to construe removed complaint that contained single allegation of "cruel and unusual punishment" as necessarily arising under § 1983 and the Eighth Amendment, when complaint's claims were specifically pled as "negligence and other state tort claims"; resolving doubt "in favor of the retention of state court jurisdiction").

In addition to not expressly asserting any federal right to relief, the Complaint does not imply one in its enumerated claims of "fail[ure] to exercise ordinary care," "negligence or wrongful conduct," and the like. *See Boldon v. Claiborne Cty. Det. Ctr.*, No. 3:16-CV-441-TWP-HBG, 2017 WL 4158612, at *6 (E.D. Tenn. Sept. 19, 2017) (citing *Daniels v. Williams*, 474 U.S. 327, 328–331 (1986)) (finding that theories of negligence or a "mere lack of due care" are not constitutionally actionable). These common law claims based in negligence and dereliction of duty are alleged to be "the direct proximate cause" of "mental injuries" including "emotional distress and . . . mental anguish." (Doc. No. 1-2 at 13.) Far from implicating a federal right to relief, such claims may be barred if the Prison Litigation Reform Act, rather than Tennessee law, governed the Complaint. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner

7

confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act[.]").

Moreover, unless it is necessary to raise a federal question in order to claim entitlement to relief, Plaintiff may defeat removal by choosing not to plead any federal claims that he has; "[t]he fact that he may have a federal claim against these defendants . . . does not mean that he has to pursue that claim in this litigation." *Johnson v. California Dep't of Corr.*, No. ED CV 10-0797, 2011 WL 759928, at *1 (C.D. Cal. Jan. 7, 2011), *report and recommendation adopted*, No. ED CV 10-0797-VAP, 2011 WL 765814 (C.D. Cal. Feb. 18, 2011) (citing *Caterpillar, Inc.*, 482 U.S. at 399, and *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 22 (1983)); *see Farmer v. Chattanooga-Hamilton Cnty. Hosp. Auth.*, No. 1:02-CV-086, 2002 WL 32058962, at *2 (E.D. Tenn. July 9, 2002) (remanding action where complaint contained a reference to the First Amendment and could have invoked federal jurisdiction but "assert[ed] only a state-law cause of action"). Nor does "[t]he fact that a complaint is filed by [a] prisoner and is based on facts arising from prison conditions . . . invariably show that [its] claims are causes of action under the United States Constitution and 42 USC § 1983." *Cabbagestalk v. McFadden*, No. 516CV03745RMGKDW, 2017 WL 1131890, at *2 (D.S.C. Mar. 9, 2017), *report and recommendation adopted*, No. CV 5:16-3745-RMG, 2017 WL 1134719 (D.S.C. Mar. 24, 2017) (finding that plaintiff was entitled to pursue relief for prison conditions under state law in state court, and complaint's "minimal use of the terms 'access to court' and 'due process' and 'cruel and unusual punishment' are not sufficient to require him to litigate in federal court over his objection"); *see also Rhodes v. Sherman*, No. 1:14-CV-00494-AWI-GS, 2014 WL 1431707, at *2 (E.D. Cal. Apr. 14, 2014), *report and recommendation adopted*, No. 1:14-CV-00494-AWI, 2014 WL 2174883 (E.D. Cal. May 23, 2014) (remanding because "[b]oth federal and state law contain

protections against violations of civil rights and retaliation," and inmate plaintiff chose to pursue state-law claims even though complaint quoted one federal decision involving First Amendment retaliation). State law also applies in the prison context.

Under Tennessee law, "[p]rison officials have a duty to exercise ordinary and reasonable care for the protection of the persons in their custody"—including by "mak[ing] available to inmates a level of medical care which is reasonably designed to meet their routine and emergency health care needs"—and may therefore be sued in the state circuit courts for breaching that duty. *Payne v. Tipton Cnty.*, 448 S.W.3d 891, 899 (Tenn. Ct. App. 2014) (citing *Cockrum v. State*, 843 S.W.2d 433, 436 (Tenn. Ct. App. 1992)); *see also* Tenn. Code Ann. §§ 41-1-104(b), 41-21-201 (assigning to the warden of a state penitentiary various duties and responsibilities to inmates). Tennessee prisoners may also claim that prison officials retaliated against them for filing grievances, in violation of their rights under the state constitution. *See Johnson v. Corr. Corp. of Am.*, No. W2001-00763-COA-R3CV, 2001 WL 1683684, at *5 (Tenn. Ct. App. Dec. 11, 2001) (finding support for inmate's "claim for retaliation, both under the United States and Tennessee Constitutions"); *see generally State v. Fitzpatrick*, No. E2014-01864-CCA-R3-CD, 2015 WL 5242915, at *12 (Tenn. Crim. App. Sept. 8, 2015) ("Like[] [the First Amendment], the Tennessee Constitution provides '[t]hat the citizens have a right . . . to apply to those invested with the powers of government for redress of grievances, or other proper purposes, by address or remonstrance.'" (quoting Tenn. Const. art. I, § 23)); *cf. Avalos*, 2014 WL 12796833, at *2 ( finding that use of the phrase "cruel and unusual punishment" does not necessarily implicate the Eighth Amendment because the phrase also appears in the state constitution). Accordingly, "it is clear that the resolution of a federal question is not necessary or essential to the resolution of [Plaintiff's state-

9

law] claim[s],"  such that removal might be proper "even in the absence of an express or implied federal cause of action." *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d at 760.

In sum, though Defendants assert that this action is properly removed because it presents constitutional claims under Section 1983, the Court finds that the Complaint creates doubt as to the propriety of removal; that such doubt must be resolved in favor of remand; and that Defendants have failed to carry their burden of establishing the existence of removal jurisdiction. Remand is therefore required.

## IV. CONCLUSION

For these reasons, Plaintiff's Alternative Motion to Remand (Doc. No. 8) is **GRANTED**. This case is **REMANDED** to the Trousdale County Circuit Court.

The Clerk is **DIRECTED** to terminate all pending motions and close this file.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE